# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEREK FERDANO BAILEY**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **2:13-cv-02147-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **ACTING COMMISSIONER OF** ) | |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Derek Ferdano Bailey brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the adverse decision of the Administrative Law Judge ("ALJ"), which has become the final decision of the Commissioner of the Social Security Administration ("SSA"). For the reasons stated below, the ALJ's decision was supported by substantial evidence and the ALJ applied the proper legal standards in making her determinations. Therefore, the Commissioner's decision is affirmed.

### I. Procedural History

Bailey protectively filed his applications for Supplemental Social Security

Income ("SSI") and Disability Insurance Benefits ("DIB") on November 15, 2010, (R. 113–125), alleging a disability onset date of December 1, 2001, (R. 113), due to "legs/back/stomach/headaches," (R. 164). After the SSA denied his applications on December 30, 2010, (R. 60–69), Bailey requested a hearing, (R. 74–76). At the time of the hearing on March 29, 2012, Bailey was fifty years old, (R. 37), had an eleventh-grade education, *id.*, and past relevant medium work as a janitor or cleaner, (R. 51). Bailey has not engaged in substantial gainful activity since December 1, 2001, his alleged onset date. (R. 21).

The ALJ denied Bailey's claim on May 24, 2012, (R. 16–32), which became the final decision of the Commissioner when the Appeals Council refused to grant review on September 24, 2013, (R. 1–6). Bailey then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if

supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)  whether the claimant is currently unemployed;

(2)  whether the claimant has a severe impairment;

(3)  whether the impairment meets or equals one listed by the Secretary;

(4)  whether the claimant is unable to perform his or her past work; and

(5)  whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the Five Step sequential analysis, the ALJ initially determined that Bailey had not engaged in substantial gainful activity since the alleged onset of his disability, and therefore met Step One. (R. 21). Next, the ALJ acknowledged that Bailey's severe impairments of status post small bowel obstruction and appendectomy with residual abdominal pain, back pain radiating into the legs, arthralgias, and headaches met Step Two. *Id*. The ALJ also noted that Bailey had the non-severe impairments of hypertension, mild retinopathy, and obesity, (R. 21–22)*,* and Bailey's alleged difficulties with his hand was not a medically determinable impairment, (R. 22). The ALJ then proceeded to the next step and found that Bailey did not satisfy Step Three since he "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments . . . ." (R. 20). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where she determined that Bailey

> has the residual functional capacity to stand/walk six hours in an eight-hour day; sit six hours in an eight-hour day; and lift/carry twenty pounds

occasionally and ten pounds frequently. He can occasion[lly] push and pull with the bilateral upper and lower extremities. He can never climb a ladder, rope, or scaffolding, but can occasionally bend, squat, kneel, crouch, and crawl, and occasionally reach overhead with the bilateral upper extremities.[1]

(R. 22). "In comparing the exertional demands of [Bailey's] past work . . . with his residual functional capacity, [the ALJ] f[ou]nd [Bailey] is unable to perform any of his past work." (R. 27). Lastly, in Step Five, the ALJ considered Bailey's age, education, work experience, and RFC, and determined, based on the Medical Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2, sections 202.11 and 202.18 and on the testimony of a vocational expert ("VE"), that "there are jobs that exist in significant numbers in the national economy that [Bailey] can perform." (R. 27). Because the ALJ answered Step Five in the negative, she determined that Bailey was not disabled. (R. 28).

## V. Analysis

Bailey contends that the ALJ 1) improperly weighed the opinion of Dr. Shirley Jones, Bailey's treating physician; 2) improperly assessed his disability; and 3) should have found that Bailey had an RFC to do sedentary work rather than light work. The court will consider each argument in turn.

---

[1] This RFC is consistent with performing at the light exertional level with restrictions. *See* 20 C.F.R. 967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.").

*A. The ALJ properly weighed Dr. Jones' opinion.*

Bailey contends that the ALJ improperly weighed the opinion of Dr. Jones, his treating physician. Doc. 11 at 6–7. "[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." *Id.* (citing *Lewis*, 125 F.3d at 1440).

Dr. Jones conducted a physical capacities evaluation of Bailey on October 4, 2011. (R. 325–29). She opined that Bailey could stand for five hours and sit for four hours during an eight-hour work day, could lift twenty pounds occasionally and ten pounds frequently, and could frequently engage in gross and fine manipulation, occasionally push and pull with his arms and his legs and reach with his arms, and never climb, balance, bend, or stoop. (R. 325). The ALJ afforded "some" weight to Dr. Jones' findings. (R. 27). In fact, Bailey's RFC is largely

consistent with Dr. Jones' opinion, except that the ALJ found Bailey could sit for one hour longer and stand for two hours longer than Dr. Jones opined, and that Bailey could occasionally bend at the waist and stoop, whereas Dr. Jones opined he could never bend or stoop. (R. 25). The ALJ explained that she did not give more substantial weight to Dr. Jones' findings because of Bailey's "ability to touch his toes and not having a positive straight leg raise until 2012, [Bailey's] motor strength, [and Bailey's] x-rays showing only mild degenerative changes to the lumbar spine."

Bailey contends that the ALJ erred by finding he could stand and sit for six hours and occasionally bend or stoop.[2] Doc. 11 at 7. Unfortunately for Bailey, although he is correct that to perform a *full* range of light work, a claimant must be able to stand and walk, off and on, for approximately six hours out of an eight-hour work day, doc. 11 at 6 (citing SSR-83-10), at Bailey's hearing, the VE testified that a claimant who could only walk for four hours and sit for five hours during an eight-hour work day, i.e. the limitations opined by Dr. Jones, would still be able to perform a range of light work, (R. 53). Consequently, if the ALJ did err by failing to adopt Dr. Jones' opinion regarding Bailey's ability to sit or stand, it

---

[2] At Bailey's hearing, the VE testified that a claimant who could never bend or stoop would be unable to perform light work (R. 54).

was harmless error because had she adopted Dr. Jones' opinion, her conclusion regarding Bailey's RFC would have remained the same. Moreover, Dr. Jones' opinion that Bailey can never bend or stoop is not bolstered by the evidence. As the ALJ noted, during 2011 and 2012 emergency room visits, Bailey was able to touch his toes, (R. 338, 355), and a 2011 x-ray showed only "mild degenerative changes of the lumbar spine," (R. 353). He did not exhibit a positive straight leg raise until 2012, (R. 355); *c.f.* (R. 388) (normal straight raise test during a 2011 emergency room visit), and during a 2010 consultative examination, the examining physician, Dr. Antonio Rozier, evaluated both Bailey's motor strength and his grip strength at 5/5 (R. 300). Additionally, during Dr. Rozier's exam and at least three different emergency room visits during 2010 and 2011, Bailey exhibited normal range of motion in his back. (R. 299–300; 314; 320; 340). Critically, Dr. Jones herself opined that "physical activities, such as prolonged sitting, walking, standing, bending, stooping, moving of extremities, etc." might lead to "some increase" in the "level of pain experience by" Bailey, "but not to such an extent as to prevent functioning in such tasks." (R. 326). Because the record contains ample indications that Bailey is capable of bending and squatting, Dr. Jones' opinion that Bailey can never bend or squat is not bolstered by the evidence. Consequently, the ALJ did not err by only giving it "some" rather than

substantial weight.

Here, the court pauses to reiterate that substantial evidence falls somewhere between a scintilla and a preponderance of evidence, and that if supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. The court acknowledges that while Bailey could touch his toes during his February 8, 2012 emergency room visit, it was "very hard and painful [for him] to stand straight afterward," and Bailey exhibited a positive straight leg raise for the first time during the same visit. (R. 355). This evidence indicates that Bailey's condition *may* have worsened during 2012. Nonetheless, it does not outweigh the evidence set forth above that Bailey is capable of bending and squatting, and even if it did, this court's standard of review is such that it would still be obligated to affirm the ALJ's decision.

*B. The ALJ properly assessed Bailey's obesity*

Bailey seems to argue that the ALJ improperly assessed his obesity by failing to account for it in his RFC. Doc. 11 at 9. This contention fails to acknowledge, however, that the ALJ noted Bailey's obesity and found it to be a non-severe impairment. (R. 21–22). More specifically, the ALJ stated that she evaluated Bailey's obesity and accompanying impairments in light of SSR 02-1p,

(R. 25–26); *see also Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263–64 (11th Cir. 2009) (finding that the ALJ properly considered the plaintiff's obesity by making specific references to SSR 02-1p), and found that there was no evidence Bailey's obesity precluded him from performing work at the light exertional level. After reviewing the record, the court agrees. Although Bailey correctly notes that SSR 02-1p indicates obesity "*can* cause limitations in all exertional and postural functions," doc. 11 at 9 (emphasis added), he has submitted no evidence that obesity has caused limitations to *his* exertional and postural functions. A claimant bears the burden of proving disability. *See* 20 C.F.R. 404.1512 ("In general, you have to prove to us that you are blind or disabled.). Here, Bailey has failed to meet that burden.

*C. The ALJ did not err by finding Baily has the RFC to do light, rather than sedentary work.*

Finally, Bailey contends that "in light of so many restrictions, particularly postural, the ALJ's RFC would better comport at best with a sedentary RFC." Doc. 11 at 9. However, because Bailey fails to cite to any evidence or legal authority in support of this contention, he has waived it. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."); *N.L.R.B. v. McClain of Ga., Inc.*,

138 F.3d 1418, 1422 (11th Cir. 1998) (citing *Cont'l Tech Serv., Inc. v. Rockwell Int'l Corp*, 927 F.2d 1198, 1199 (11th Cir. 1991)) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."). Moreover, turning briefly to the argument's substance, "a job is in [the light exertional] category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs." SSR 83-10. Bailey's postural limitations, i.e. "limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling" and stooping, *see* SSR 96-9p, do not impact his ability to walk or stand. Moreover, his treating physician opined that he could stand for four hours and sit for five hours, (R. 325), an opinion Bailey contends the ALJ erred in disregarding, *see* doc. 11 at 6, and the VE testified that someone who could stand for four hours and sit for five hours could perform a range of light work, (R. 53). Consequently, the ALJ did not err by failing to restrict Bailey's RFC to sedentary work.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Bailey is not disabled is supported by substantial evidence and applied correct legal standards. Therefore, the Commissioner's final decision is remanded for

further proceedings consistent with this opinion. The court will enter a separate order in accordance with this memorandum of decision.

Done this 29th day of October, 2014.

                                                      **ABDUL K. KALLON**
                                                      UNITED STATES DISTRICT JUDGE